UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 18-10135-RGS

UNITED STATES OF AMERICA

v.

MILTON MEJIA-PADILLA

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

December 19, 2019

STEARNS, D.J.

Defendant Milton Mejia Padilla (Mejia), a citizen of Honduras, seeks to dismiss an indictment charging him with illegal reentry into the United States pursuant to 8 U.S.C. § 1326. The motion is based on subsection (d) of the statute which permits a collateral attack on an order of removal (deportation) where the alien can show three preconditions for filing a petition that:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> (3) the entry of the order was fundamentally unfair.

The undisputed facts pertinent to the motion to dismiss are as follows. Mejia first came to the United States unlawfully in June of 1999 at age sixteen

after allegedly receiving unspecified death threats. He was apprehended at the Texas border and served with a Notice to Appear after which he was held briefly at a children's shelter in Texas. On July 29, 1999, Catholic Charities of Houston (Texas) successfully moved to transfer the venue of Mejia's immigration proceedings to Boston. Mejia was released in the interim to the custody of his maternal uncle, Oscar Mejia, in Massachusetts.

Mejia's first immigration hearing in Boston was held on January 19, 2000. Mejia appeared and, through a Spanish language interpreter, asked for additional time to secure counsel.[1] The hearing was rescheduled to March 3, 2000. Mejia again asked for additional time to find a lawyer. Over the next year and a half, five additional extensions were granted upon the same request. On November 9, 2001, Mejia appeared without an attorney and stipulated to deportability. Mejia asked for time to appeal which was granted with a December 18, 2001 deadline. Mejia did not appeal and instead petitioned for an order of voluntary departure. The petition was granted and a departure date set for January 8, 2002. Mejia did not appear for removal and a warrant was issued for his arrest.

---

[1] Mejia professes that at the time he spoke no English. The docket entries indicate that a Spanish-language interpreter was present at each of the nine hearings Mejia attended. Govt's Br. at 3 (Dkt # 64).

In February of 2010, Immigration and Customs Enforcement (ICE) arrested Mejia in Massachusetts, resulting in his deportation to Honduras in April of 2010. Mejia then attempted to reenter the United States illegally in June, August, and December of 2010, but was arrested and removed twice. Following the December attempt, Mejia was charged under 8 U.S.C. § 1325 with being illegally present in the United States. He pled guilty and was sentenced to time served and was deported. Sometime thereafter he successfully entered the United States without being detected. On April 29, 2018, Mejia was arrested by ICE in Massachusetts and charged with the present offense.

Mejia makes two arguments in support of the motion to dismiss: (1) that the alleged failure of the Immigration Judge (IJ) in 2001 to advise him that he was potentially eligible for asylum and/or for a Special Immigrant Juvenile visa and that Greater Boston Legal Services might be willing to represent him at no cost violated his right to due process; and (2) that the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), retroactively deprived the Immigration Court of jurisdiction to issue the 2001 removal order.

DISCUSSION

The first argument fails under the First Circuit's holding in *United States v. Soto-Mateo*, 799 F.3d 117, 123 (1st Cir. 2015). While an IJ is arguably required by 8 C.F.R. § 1240.11(a)(2), to advise a prospective deportee of any relief for which he may be eligible, the regulation has no constitutional force.[2] In *Soto-Mateo*, a lawful resident alien who had been deported after conviction for an aggravated crime (identity theft), was twice apprehended after illegally reentering the United States. After being indicted for illegal entry on the third attempt, Soto-Mateo sought to dismiss the indictment on the same grounds as here, that is, a collateral attack on the underlying order of removal. The thrust of the attack was that the IJ had never explained to Soto-Mateo that the law was unsettled as to whether identity theft constituted an aggravated felony for purposes of removal and that he would never have agreed to waive his right to an appeal had he known "that he was not removable as an aggravated felon and eligible for cancellation of removal." *Soto-Mateo*, 799 F.3d at 123. In rejecting the argument, the First Circuit observed that

> even if the appellant's prior convictions did not comprise aggravated felonies, he would not have been entitled as of right

---

[2] I say "arguably" because the regulation can be read to condition the advice of rights on a prior application by the alien for a waiver of one of the grounds of inadmissibility specified in 8 U.S.C. § 1182(a), something that Mejia did not do.

4

to remain in the United States. This is important because "a majority of circuits have rejected the proposition that there is a constitutional right to be informed of eligibility for — or to be considered for — discretionary relief." *United States v. Santiago-Ochoa,* 447 F.3d 1015, 1020 (7th Cir. 2006) (citing representative cases). Today, we join that majority.

*Id.*[3] Consequently, Soto-Mateo, like Mejia in this case, by failing to perfect an appeal, failed to satisfy the exhaustion of remedies prong of section 1326(d). *See United States v. DeLeon*, 444 F.3d 41, 50 (1st Cir. 2006).

Mejia's second argument that *Pereira v. Sessions* effectively deprives the Immigration Court of jurisdiction over his case has been explicitly rejected by the First Circuit. *See Pontes v. Barr*, 938 F.3d 1 (1st Cir. 2019). Defendant concedes as much and states that his intent is to preserve the argument "in the event the Supreme Court decides otherwise." Def.'s Br. at 14 (Dkt # 60).

## ORDER

---

[3] Mejia acknowledges the holding of *Soto-Mateo* and concedes that he is precluded from arguing that an IJ's failure to advise an alien of possible discretionary relief is a *per se* constitutional violation. Rather he suggests 'that there may be a constitutional dimension to the failure . . . in the case of an unaccompanied child that is absent when an adult appears in immigration court." Def.'s Reply, at 5 (Dkt # 68). Whether this is true or not, a district court is not an appropriate forum in which to seek to overturn or reshape a binding First Circuit precedent. *See United States v. Chin*, 913 F.3d 251, 262 (1st Cir. 2019).

For the foregoing reasons, the motion to dismiss is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE